The State v. Campbell.

---

THE STATE v. CAMPBELL.

[No. 2,401.    Filed April 22, 1897.]

CRIMINAL LAW.—*Agent of Foreign Insurance Company Doing Business Without Authority.— Sufficiency of Affidavit.*—An affidavit charging defendant with unlawfully doing business as agent of a "certain foreign insurance company of a state other than the State of Indiana," is insufficient to charge an offense, under section 4915, Burns' R. S. 1894, making it unlawful for any agent of any insur-

ance company incorporated in any other state than the State of Indiana, to transact business in this State without first producing a certificate of authority from the State Auditor.

From the Vermillion Circuit Court. *Affirmed.*

*Howard Maxwell* and *F. F. James,* for State.

*John A. Wilterwood,* for appellee.

ROBINSON, J.—This case was transferred to this court by the Supreme Court.

Appellee was charged with a violation of section 4915, Burns' R. S. 1894. The State appeals, and assigns as error the sustaining of appellee's motion to quash the affidavit.

Section 4915, *supra,* makes it unlawful "for any agent or agents of an insurance company incorporated by any other state than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the Auditor of State."

The charge in the affidavit is, "that John G. Campbell, on the 10th day of January, 1895, at and in said county of Vermillion, State of Indiana, did then and there unlawfully transact certain business of insurance as an agent of a certain foreign insurance company of a state other than the State of Indiana, to-wit: doing business by and under the laws of the state of Illinois, and did then and there as such agent unlawfully take a certain risk and issue a certain policy of insurance in the name of said company, known as the Harold H. Mansfield & Company, Individual Underwriters of Chicago, Illinois, to one Erastus D. Wheeler, in the sum of," etc.

The statute in question is limited to insurance companies incorporated under the laws of a foreign state. The legislature, no doubt, had some good reason for

limiting the statute to incorporated insurance companies of other states. At any rate, it has provided such limitation. The offense consists in doing business for a company incorporated in another state, and not in doing business for a foreign company not incorporated. We know of no statute preventing an insurance agent from doing business for a foreign company that is not incorporated under a foreign statute. To hold this affidavit sufficient, we must say that the expression, "a certain foreign insurance company of a state other than the State of Indiana," is equivalent to the expression, "Any insurance company incorporated by any other state than the State of Indiana." This we cannot do.

The affidavit was insufficient.    Judgment affirmed.